1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

ANGELA W. o.b.o. C.H.,

11

Plaintiff,

CASE NO. 3:23-CV-5917-DWC

v.

12

COMMISSIONER OF SOCIAL
SECURITY,

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

13

14

Defendant.

15      Plaintiff, a parent filing on behalf of minor C.H., brought this action under 42 U.S.C. §

16   405(g) seeking judicial review of Defendant's denial of C.H.'s application for supplemental

17   security income benefits ("SSI").[1] After reviewing the record, the Court concludes the

18   Administrative Law Judge's ("ALJ") decision finding C.H. had less than marked limitations in

19   two domains of functioning is not supported by substantial evidence. Had the ALJ properly

20   considered the evidence in evaluating these functional domains, the ultimate determination of

21   disability might have changed. Accordingly, this matter is reversed and remanded pursuant to

22

23

24

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner")

for further proceedings consistent with this order.

## I.       Factual and Procedural History

In June 2020, an application for SSI was filed on behalf of C.H., alleging disability

beginning June 17, 2020. Dkt. 5, Administrative Record ("AR") 163. C.H. was born in 2006 and

was 13 years old at the time of the filing. *See* AR 164. His application was denied initially and

on reconsideration. AR 51, 66. A hearing took place before an ALJ on July 28, 2022. AR 32–50.

The ALJ issued an unfavorable decision denying benefits, and the Appeals Council denied

Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

AR 1–6, 14–31. Plaintiff appealed to this Court. *See* Dkt. 1.

## II.      Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court

may set aside the denial of social security benefits if the ALJ's findings are based on legal error

or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211,

1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*,

305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the disability

determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v.*

*Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*,

674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to

1   the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050,

2   1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

3       **III.     Discussion**

4       When considering claims of childhood disability, the Commissioner engages in a three-

5   step sequential evaluation to determine: (1) whether the child is working; (2) whether the child

6   has a medically determinable "severe" impairment or combination of impairments; and (3)

7   whether the child's impairment or combination of impairments meets, medically equals, or

8   functionally equals the severity of a listed impairment. 20 C.F.R. § 416.924. To determine if a

9   medically determinable severe impairment or combination of impairments functionally equals a

10  listed impairment, the Commissioner evaluates the child's level of impairment in the following

11  six domains of functioning: (1) acquiring and using information; (2) attending and completing

12  tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5)

13  caring for yourself; and (6) health and physical well-being. *Id.* § 416.926a(b)(1). A medically

14  determinable impairment or combination of impairments functionally equals a listed impairment

15  if it results in "marked" limitations in two of the domains or an "extreme" limitation in one

16  domain. *Id.* § 416.926a(d). A marked limitation exists if an impairment seriously interferes with

17  a claimant's ability to independently initiate, sustain, or complete activities. *Id.* §

18  416.926a(e)(2)(i).

19      Here, the ALJ found C.H. had the severe impairments of attention deficit hyperactivity

20  disorder, anxiety, trauma disorder, and migraine. AR 18. The ALJ determined C.H.'s

21  impairments did not meet an enumerated listing, individually or in combination. AR 18–19.

22  After considering the six functional domains, the ALJ found C.H. had a marked limitation in

23

24

attending and completing tasks, but less than a marked limitation or no limitation in the other five domains. AR 20.

Plaintiff contends the ALJ erred in her evaluation of the fifth and sixth functional domains, which led to an erroneous determination that C.H. was not disabled. Dkt. 7 at 4.

A. *Fifth Domain*

In the fifth domain, caring for yourself, an ALJ considers "how well you maintain a healthy emotional and physical state, including how well you get your physical and emotional wants and needs met in appropriate ways; how you cope with stress and changes in your environment; and whether you take care of your own health, possessions, and living area." 20 C.F.R. § 416.926a(k). The Administration provides further explanation of the considerations relevant to this domain:

> (i) Caring for yourself effectively, which includes regulating yourself, depends upon your ability to respond to changes in your emotions and the daily demands of your environment to help yourself and cooperate with others in taking care of your personal needs, health and safety. It is characterized by a sense of independence and competence. The effort to become independent and competent should be observable throughout your childhood.
>
> (ii) Caring for yourself effectively means becoming increasingly independent in making and following your own decisions. This entails relying on your own abilities and skills, and displaying consistent judgment about the consequences of caring for yourself. As you mature, using and testing your own judgment helps you develop confidence in your independence and competence. Caring for yourself includes using your independence and competence to meet your physical needs, such as feeding, dressing, toileting, and bathing, appropriately for your age.
>
> (iii) Caring for yourself effectively requires you to have a basic understanding of your body, including its normal functioning, and of your physical and emotional needs. To meet these needs successfully, you must employ effective coping strategies, appropriate to your age, to identify and regulate your feelings, thoughts, urges, and intentions. Such strategies are based on taking responsibility for getting your needs met in an appropriate and satisfactory manner.
>
> (iv) Caring for yourself means recognizing when you are ill, following recommended treatment, taking medication as prescribed, following safety rules,

responding to your circumstances in safe and appropriate ways, making decisions that do not endanger yourself, and knowing when to ask for help from others.

*Id.* § 416.926a(k)(1).

The ALJ found C.H. had less than a marked limitation in the ability to care for himself. AR 23. In support of this finding, the ALJ cited to three pages of the record. *Id.* The ALJ first cited to one page of a function report completed by Plaintiff on September 1, 2020, writing: "The claimant's mother stated [C.H.] can take care of personal hygiene when reminded. She stated he has learned to wash clothes and help around the house when prompted. He can cook using a microwave." AR 23, 195, 201.

On the cited page of the function report, Plaintiff stated that C.H.'s ability to take care of his personal needs and safety was limited. AR 195. She checked boxes for "no" to indicate that C.H. could not take care of personal hygiene, wash and put away his clothes, help around the house, cook a meal for himself, study and do homework, take needed medication, use public transportation by himself, accept criticism or correction, keep out of trouble, obey rules, or ask for help when needed. AR 201. In her written explanation, she clarified that C.H. could "take care of personal hygiene when reminded," had "just learned to wash [clothes] and help around the house when prompted," could "only cook in [the] microwave," and took his medications with reminders. AR 201–02. She stated, "school work is difficult and [C.H.] needs to have someone with him," further explaining that he needed to "have an adult sit with him to do all his school work [and] needs to have clear expectations set otherwise he will not do any work and just says [']I don't know what I am to do.[']" AR 201–02.

Although the ALJ quoted Plaintiff's written statements from this function report, the ALJ did not address the checked boxes on the same page indicating that C.H. was not capable of performing many of these tasks, as well as others relevant to this functional domain. The ALJ is

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

1    responsible for resolving conflicts in the evidence but must explain their reasoning to allow for

2    this Court's review. *See Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020); *Brown-Hunter v.*

3    *Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Without any explanation of the ALJ's rationale, the

4    Court cannot determine how or whether the ALJ considered these conflicting statements.

5         In support of her finding that C.H. "brushes his teeth regularly," the ALJ cited to a single

6    page of a progress note from a routine medical visit on December 9, 2019. AR 23, 495. Plaintiff

7    does not challenge this finding.

8         The ALJ also cited to a teacher questionnaire completed by special education teacher

9    Chris Paff on April 19, 2021, for the following findings:

10        [C.H.] has no problem taking care of personal hygiene. He has no problem caring
          for his physical needs, such as dressing and eating. He has no problem using good
11        judgment regarding personal safety and dangerous circumstances. He has a slight
          problem identifying and appropriately asserting his emotional needs. He has no
12        problem knowing when to ask for help.

13   AR 23, 780. These statements are reflected in Mr. Paff's evaluation. AR 778. However, Mr. Paff

14   also indicated C.H. had problems functioning in the domain of caring for himself, specifying that

15   he had "an obvious problem" handling frustration appropriately, responding appropriately to

16   changes in his own mood, and using appropriate coping skills to meet the daily demands of the

17   school environment. *Id.* He wrote, "[C.H.] has a tendency to get frustrated and 'shut down' from

18   the task at hand. He struggles to cope with his frustration." *Id.*

19        Although the ALJ acknowledged a "slight" problem identifying and appropriately

20   asserting his emotional needs, the ALJ provided no analysis of C.H.'s struggles to independently

21   regulate his emotional state, as indicated by Mr. Paff. Again, the Court cannot review the ALJ's

22   rationale for resolving conflicts in evidence when the relevant analysis does not appear in the

23   ALJ's written decision.

24

1    On the whole, the reasons given by the ALJ to justify the finding that C.H. has less than a

2    marked limitation in the ability to care for himself are not supported by substantial evidence.

3    Therefore, the ALJ erred. This error is not harmless because, had the ALJ properly evaluated this

4    domain, the ultimate decision regarding disability may have changed.

5          B.  *Sixth Domain*

6    Plaintiff also argues the ALJ erred in her consideration of the sixth functional domain:

7    health and physical well-being. Dkt. 7 at 4. When evaluating this domain, the ALJ considers the

8    "cumulative physical effects of physical or mental impairments and their associated treatments or

9    therapies" on the claimant's functioning not previously addressed in earlier steps of the

10   sequential evaluation. 20 C.F.R. § 416.926a(l). The regulations note that a physical or mental

11   disorder may have physical effects that vary in kind and intensity and may make it difficult to

12   perform activities independently or effectively. *Id.* § 416.926a(l)(1). Examples of limitations in

13   health and physical well-being that ALJs may consider at this stage include generalized

14   symptoms, such as weakness, dizziness, agitation, lethargy, or psychomotor retardation, and

15   somatic complaints, such as headaches, stomach discomfort, or insomnia. *Id.* § 416.926a(l)(4).

16   The ALJ found no limitation in C.H.'s health and physical well-being. AR 23. Although

17   the ALJ cited medical records from May 2020 to July 2021, she did not discuss C.H.'s history of

18   headaches or migraines, even though she had previously found migraine to be one of C.H.'s

19   severe impairments. AR 18, 23. This omission prevents the Court from reviewing the ALJ's

20   reasoning for finding no limitation in this domain.

21   Also, when discussing the medical opinion evidence and prior administrative findings in

22   the record, the ALJ noted the State agency consultants had found less than a marked limitation in

23   C.H.'s health and physical well-being on both initial evaluation and reconsideration. AR 24. The

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

ALJ found the initial and reconsideration determinations of the State agency consultants persuasive because they were consistent with the record. *Id.* After summarizing the evidence cited by the consultant on reconsideration, the ALJ stated, "[h]owever, the record does not support less than marked limitations in health and physical well-being." *Id.* This statement directly conflicts with the ALJ's previous finding regarding the sixth functional domain. This internal inconsistency makes the ALJ's finding on the sixth domain ambiguous.

Accordingly, the ALJ's finding of no limitation in C.H.'s health and well-being is not supported by substantial evidence. This error is not harmless because, had the ALJ properly evaluated this domain, she may have reached a different conclusion regarding disability. Therefore, remand for further proceedings is appropriate.

## IV.     Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded C.H. was not disabled beginning June 17, 2020. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 3rd day of June, 2024.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8